[640 NYS2d 758]

In the Matter of PETER B. NICKLES (Admitted as PETER BRASI-DAS NICKLES), an Attorney, Resignor.

Second Department, March 25, 1996

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

*Richard E. Grayson,* White Plains, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Peter B. Nickles has submitted an affidavit, dated January 18, 1996, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Nickles was admitted to the practice of law by the Appellate Division of the

Supreme Court, Second Judicial Department, on October 14, 1964, under the name Peter Brasidas Nickles.

Mr. Nickles concedes that he is currently the subject of four investigations by petitioner based upon complaints alleging conversion of funds entrusted to him to be held in escrow, commingling of client funds with personal funds, misrepresentation, and neglect. Mr. Nickles acknowledges his inability to defend himself on the merits against disciplinary charges based on the Grievance Committee's investigations.

Mr. Nickles' proffered resignation expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York for the same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Nickles avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation.

Grievance Counsel recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Peter B. Nickles as a member of the Bar is accepted and directed to be filed. Accordingly, Peter B. Nickles is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and FLORIO, JJ., concur.

Ordered that the resignation of Peter B. Nickles is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter B. Nickles is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter B. Nickles shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter B. Nickles is commanded to desist and refrain

(1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Peter B. Nickles is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection of the State of New York arising out of the misappropriation or misapplication:

(1)  Estate of Dorothy C. Amodio      $   95,593.01
(2)  John and Ruth Daniels                 27,030.02
(3)  Prudential Home Mortgage Co.         100,000.00

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such person.